IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MCARTHUR ELECTRIC, INC.,<br><br>                **Plaintiff,**<br><br>    v.<br><br>FEDERAL INSURANCE COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; AND ZURICH AMERICAN INSURANCE COMPANY,<br><br>                **Defendants** | 1:06-cv-1870-WSD |

**OPINION AND ORDER**

This matter is before the Court on Defendants Federal Insurance Company ("Federal"), Fidelity and Deposit Company of Maryland ("F&D"), and Zurich American Insurance Company's ("Zurich") (collectively "the Manhattan Sureties") Motion to Consolidate.  (Mot. to Consolidate [7].)

**I.    BACKGROUND**

This case involves a construction dispute concerning West Cobb #1 High School, now known as Hillgrove High School.  In April 2004, the Cobb County School District ("CCSD") hired Manhattan Construction Company ("Manhattan")

as the general contractor to build the new school.  In May 2004, Manhattan entered into a subcontract with Plaintiff McArthur Electric, Inc. ("McArthur") to perform electrical work on the project.  Great American Insurance Company ("Great American") issued a performance bond to insure McArthur's performance on the project.  The performance bond named Manhattan as the obligee.

During construction, disputes arose between Manhattan and McArthur over the schedule for completion of McArthur's work.  In January 2006, Manhattan added another electrical contractor, Cleveland Electric ("Cleveland") to perform electrical work on the project, and on three separate occasions declared McArthur in default of its subcontract obligations.  In April 2006, Manhattan terminated McArthur, and Manhattan asserted a claim against the bond issued by Great American.  Great American refused to insure McArthur's performance under the bond.

On June 23, 2006, Manhattan filed an action against McArthur and Great American in federal court ("the Manhattan Action").[1]  Manhattan claimed that McArthur failed to provide adequate manpower to the project and did not comply with Manhattan's construction schedule.  As a result, Manhattan claimed that

---

[1] The case was given the civil action number 1:06-cv-1512.

McArthur delayed completion of the project, which required Manhattan to engage Cleveland to perform and repair work that was McArthur's responsibility under the subcontract. Manhattan asserts two claims in the Manhattan Action: one for breach of contract against McArthur, and one against Great American for refusing to fulfil its obligations under the performance bond.

On July 26, 2006, Great American filed its Answer and Counterclaim. Great American denied owing any obligation to Manhattan under the performance bond and asserted a Counterclaim against Manhattan for breach of contract and for recovery under Georgia's Prompt Pay Act.

On August 2, 2006, McArthur filed its Answer and also asserted a Counterclaim against Manhattan. McArthur alleged in its Counterclaim that Manhattan refused to keep McArthur apprised of the construction schedule, wrongfully terminated the subcontract, and refused to pay McArthur for work it performed. McArthur also claimed that in order to receive payment from the CCSD, Manhattan falsely swore on its payment requests submitted to CCSD that Manhattan had paid in full for all subcontract work. In its Counterclaim, McArthur asserted fourteen separate claims against Manhattan, including: breach of contract, substantial default under the contract, wrongful repudiation, enforcement of

equitable lien and constructive trust, conversion, tortious breach of contract, fraud and deceit, quantum meruit, restitution, set off and recoupment, breach of duty to swear truthfully, violation of the Georgia Prompt Pay Act, attorney's fees and punitive damages.

On July 10, 2006, McArthur filed this action in the Superior Court of Cobb County ("the McArthur Action") against the Manhattan Sureties. McArthur's claims are based on the same construction project which is the subject of the Manhattan action. McArthur alleges that it performed $3,335,006 worth of electrical work for Manhattan on the school project, but was not paid in full for its services. McArthur alleges further that Manhattan misrepresented to the CCSD that it had payed in full for the work, even though Manhattan had not paid McArthur for the work it claims it performed on the project. Seeking reimbursement from the Manhattan Sureties, McArthur claims that Manhattan still owes McArthur more than $1 million for electrical work it performed. On August 9, 2006, the Manhattan Sureties removed the McArthur Action to this Court based upon diversity jurisdiction. The removed action was given the civil action number 1:06-cv-1870.

In the Manhattan Action, on August 18, 2006, Manhattan filed a Motion to Consolidate with the McArthur Action. On August 21, 2006, the Manhattan Sureties also filed a motion to Consolidate this action with the Manhattan Action.

## II.  DISCUSSION

### A.  Manhattan Sureties' Motion to Consolidate

The Manhattan Sureties ask the Court to consolidate this action with the Manhattan Action. A district court has broad discretionary authority under Federal Rule of Civil Procedure 42(a) to consolidate cases. See Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985) (stating that a "district court's decision under Rule 42(a) is purely discretionary"); see also In re Air Crash Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006, 1014 (5th Cir. 1997) (stating that a "trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"). Rule 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it

> may make such orders concerning proceedings therein as
> may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Consolidating actions where appropriate can help avoid needless duplication of time, effort and expense on the part of the parties and the Court in discovery and at trial. In re Air Crash Disaster, 549 F.2d at 1014. In deciding whether to exercise its discretion to consolidate, the Court should consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned." Hendrix, 776 F.2d at 1495. These factors weigh in favor of consolidation in this case.

Both the Manhattan Action and the McArthur Action arise from a common transaction or occurrence, namely the construction of Hillgrove High School. In the Manhattan Action, Manhattan seeks damages from McArthur and its surety, Great American, for breach of the subcontract. In the McArthur Action, McArthur seeks damages from the Manhattan Sureties for Manhattan's failure to pay it for electrical work under the same subcontract. The central issue in both suits is the adequacy of McArthur's performance on the project and whether Manhattan was

justified in terminating McArthur. Essentially, it is a question of who breached the subcontract between the parties.

McArthur points out that its claims against the Manhattan Sureties are based on their actions following their receipt of notice of McArthur's claim for payment. This issue, however, ultimately arises from the same construction project, involves the same factual circumstances, similar parties, and common questions of law and fact. In both cases, it will be necessary to determine if Manhattan was justified in declaring McArthur in default and withholding the remaining funds due McArthur under the subcontract. Both Manhattan's and McArthur's respective claims against the other's surety or sureties is dependent upon resolution of this issue. The Court finds it is in the interests of judicial economy and conservation of resources to consolidate the Manhattan Action and the McArthur Action.

In its Response, McArthur states that it "respects the Court's sound exercise of discretion" regarding the consolidation of the McArthur Action and the Manhattan Action. (Resp. to Mot. to Consolidate [9], at 9.) McArthur, however, requests that if this Court grants the Motion to Consolidate, the Court carefully limit itself and contain specific statements and instructions maintaining the separate identify and character of the two cases. These issues will be addressed in

a Rule 16 conference. The Manhattan Sureties' Motion for Consolidation of the two cases is granted, and a Rule 16(a) scheduling conference to discuss these issues will be set.

### III. CONCLUSION

Accordingly,

Defendants Federal, F&D, and Zurich's Motion to Consolidate [7] is **GRANTED**.

The Clerk is **DIRECTED** to **CONSOLIDATE** Civil Action Nos. 1:06-cv-1512-WSD and 1:06-cv-1870 WSD. The Clerk is further **DIRECTED** to **ADMINISTRATIVELY CLOSE** Civil Action No. 1:06-cv-1870-WSD. All future pleadings shall be filed in Civil Action No. 1:06-cv-1512-WSD.

A Rule 16 in-chambers conference is scheduled for February 20, 2007, at 10:00 am.

**SO ORDERED** this 30th day of January, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE